UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JASON HORTON | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:07-CV-01 |
| | ) | |
| HAMBLEN COUNTY JAIL MEDICAL | ) | |
| STAFF; ROOKIE INMAN, Jail Adm'r; | ) | |
| and LINDA L/N/U, Head Nurse | ) | |

## MEMORANDUM and ORDER

Jason Horton, a prisoner in the Hamblen County Jail, brings this *pro se* civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 against the Hamblen County Jail Medical Staff; Rookie Inman, the Jail Administrator, and the Head Nurse, identified only as "Linda."

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). The plaintiff asserts, in paragraph II of his complaint, that the Hamblen County Jail has a grievance procedure and that he filled out the grievance form; passed it to the officer; but never heard anything from the Jail Administrator. The Court concludes that the plaintiff has exhausted his administrative remedies, *see Boyd v. Corrections Corp. of America*, 380 F.3d

989, 996-97 (6th Cir. 2004),[1] subject to contrary proof by the defendants.

As an initial matter, there is a problem with one of the defendants named by the plaintiff. The defendant Hamblen County Jail Medical Staff is a non-suable entity under § 1983. *See Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, * 3 n.1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973) for its holding that a state prison medical department is not a "person" under §1983)). This defendant, therefore, is **DISMISSED** from this action.

In his complaint, the plaintiff alleges that he is imprisoned under conditions that violate his civil rights. More specifically the plaintiff claims: 1) that, though he is an insulin-dependent diabetic, the jail nurse will not allow the guards to check his blood sugar or give him insulin; 2) that "Linda," the head nurse, will not give him his prescribed medication; and 3) that he has a history of colon cancer, including undergoing surgery to remove the tumors, and is now having problems related to the surgery, but that neither "Linda" nor defendant Rookie Inman will discuss the matter with him. [Compl., ¶ 4].

The Court infers, from the plaintiff's contentions against the remaining defendants, that he is alleging a claim for the denial of medical care under the Eighth

---

[1] In *Boyd*, the Sixth Circuit held that a prisoner who makes detailed averments as to every claim raised in his complaint, specifically describing: 1) the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and 2) the outcome of those proceedings, exhausts his administrative remedies. *Id.* This is so, regardless of whether he receives a response to his grievance. *Id.*

Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment).

Accordingly, the Clerk is **DIRECTED** to send the plaintiff a service packet for defendant Rookie Inman.[2] [The service packet contains a blank summons and U.S.M. 285 form.] The plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of entry of this Order. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendant. Fed. R. Civ. P. 4. The defendant is **ORDERED** to respond to the complaint within twenty (20) days of receipt of service. The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. If he fails to do so, this action will be dismissed for failure to prosecute.

Under the 1996 amendments to the federal pauper statutes, a prisoner who files a complaint in federal court and applies to proceed *in forma pauperis*, must submit a certified copy of his inmate trust account statement for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(a) and (b). Furthermore, courts are required to assess and when

---

[2] When the plaintiff more specifically identifies defendant "Linda," he will be sent another service packet.

funds exist collect the full filing fee from such a prisoner. *See* 28 U.S.C. § 1915(b)(1). In this case, though the trust account statement is missing, it does not appear that plaintiff has an inmate trust account.[3] Accordingly, pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is hereby **ASSESSED** the filing fee of three hundred, fifty dollars ($350).

Finally, the Court is in receipt of two *ex parte* letters from the plaintiff, in which he makes new allegations—some concerning medical care and others relating to incidents, treatment or conditions distinct from the claims offered in his complaint. [Docs. 4, 5]. The plaintiff has not indicated that these letters are intended to be amendments to the complaint and they will not be treated as such.[4] If he intends to file an amendment to his complaint, he should file a motion to amend and clearly designate any amended complaint

---

[3] The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Based on this letter and the plaintiff's own letters, the Court concludes that he has no inmate trust fund from which to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on his part.

[4] Indeed, though the letters contain some disturbing allegations, if they were read as amendments, either the entire case would be dismissed because the letters contain nothing to show that those allegations have been offered for resolution through the institutional grievance system and because "mixed" complaints (i.e., those containing both exhausted and unexhausted claims) must be dismissed, *see Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), or the case would proceed on the exhausted claims and the unexhausted claims in the letters would be dismissed without prejudice. *See Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). The Court is aware that the Supreme Court has granted *certiorari* to decide whether the administrative-exhaustion provision in §1997e(a) requires "total exhaustion," as held in *Bey*. *See Jones v. Bock*, 126 S. Ct. 1462 (2006); *Williams v. Overton*, 126 S.Ct. 1463 (2006).

as such. Any and all such motions must also be served by the plaintiff upon the opposing party.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE